United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER DEVAUX HOWARD,<br>Plaintiff,<br>v.<br>UNKNOWN CENTRAL INTELLIGENCE AGENCY OFFICER OFFICER, et al.,<br>Defendants. | Case No. 26-cv-02596-JST<br>**ORDER OF DISMISSAL WITH PREJUDICE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br>Re: ECF No. 3 |

Plaintiff, an inmate at South Placer Jail, in Roseville, California, has filed a *pro se Bivens* action against three unnamed Central Intelligence Agency ("CIA") officers regarding events that he alleges took place in Arcata and Benbow. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Also pending before the Court is Plaintiff's request for appointment of counsel. ECF No. 3. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**B. Complaint**

The complaint sues three unnamed Central Intelligence Agency ("CIA") officers. The complaint sets forth three claims for relief.

The first claim alleges use of excessive force and cruel and unusual punishment, in violation of the Eighth Amendment. On September 19, 2021, Plaintiff was invited to a bar for a couple of days of partying. When he arrived, Defendants were dressed as Arcata Police Department officers. Defendants knocked Plaintiff unconscious and stripped him naked in front a couple of Plaintiff's friends, approximately eight officers, and approximately twelve civilian women. Plaintiff was ridiculed for being fat and for the length of his penis. Plaintiff was subjected to a presentation of videos involving murder and mutilation, and to footage of himself in

United States District Court
Northern District of California

his home that had been recorded by the SKYNET surveillance apparatus. Plaintiff was held and tortured for sixteen days. On the final day, Plaintiff was stripped naked and sexually assaulted by defendant CIA agent Doe No. 2, who had orchestrated the attack. Doe No. 2 threatened Plaintiff with death if he returned to the county. Plaintiff did not suffer any physical damage, as the Defendants' intent was to invoke fear and compliance.

The second claim alleges illegal search and seizure in violation of the Fourth Amendment. Plaintiff alleges that while he was kidnapped, officers went through his email, his iPad's search history, and his cellphone, all without a warrant. Defendants exposed his private information for entertainment and threatened him with violence. Doe No. 2 stripped him naked, threw cold water on him, and attempted to antagonize Plaintiff by inferring that he was a homosexual. This ordeal lasted for hours. Plaintiff did not suffer any physical damage, as Defendants' intent was to "impose [sic] fear and maximum suffering for [their] entertainment."

The third claim alleges cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff alleges that defendant CIA agent Doe No. 2 subjected him to hours of hypnosis against his will. Plaintiff alleges that Defendants "affirm[ed his] sexual preferences" by interrogating him about his sexual endeavors; refusing to allow him to be single; requiring to choose and co-habitate with a partner, whether male or female; and refused to allow him to seek companionship in exchange for money. To punish him for not following their rules, Defendants "activated [him] to perform a heinous act as their proof power over [him]." Plaintiff was given a final chance to save himself, which was to enroll in college and pursue a degree. Plaintiff enrolled in college but did not attend. On January 26, 2025, Plaintiff was therefore activated to engage his mother in mortal combat and murder her, and to attempt to murder his brother for interfering. Plaintiff suffered a gash to his hand during his violent outburst, for which Defendants are responsible.

Plaintiff seeks declaratory relief; that Defendants stand trial for the atrocious acts; compensatory damages to pay the lawyers and investigators to win his case; and $8 million in punitive damages for all that he had to endure.

United States District Court
Northern District of California

**C. Dismissal Without Leave to Amend**

The Court DISMISSES the complaint because the facts alleged are fanciful and implausible. Plaintiff's claims allege that: (1) in 2021, three CIA officers have disguised themselves as Arcata police officers; kidnapped, tortured, and held him for weeks; ridiculed him in front of others; and searched through his email, text messages, and iPad; and (2) four years later, interrogated him regarding his sexual preferences; placed restrictions on his sexual and romantic activity; and forced him to kill his mother and attempt to kill his brother because he would not attend college and get a degree. These factual allegations are far-fetched, irrational, and wholly incredible. The Court therefore DISMISSES the complaint as factually frivolous. *Denton*, 504 U.S. at 32 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Notwithstanding the liberal policy favoring leave to amend for pro se plaintiffs, *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam), the Court finds that amendment would be futile and thus will not grant leave to amend.

**D. Request for Appointment of Counsel (ECF No. 3)**

Plaintiff has requested that the Court appoint him counsel. ECF No. 3. Plaintiff argues that appointment of counsel is necessary because he is unable to afford counsel; he has requested leave to proceed *in forma pauperis*; his imprisonment greatly limits his ability to litigate; the issues involved are complex and will require significant research and investigation; he has limited access to the law library and limited knowledge of the law; a trial in this case will likely involve conflicting testimony and counsel would be better able to present evidence and cross-examine witnesses; and his efforts to secure legal representation have been unsuccessful. *See generally* ECF No. 3. Because the Court has dismissed this case with prejudice, Plaintiff's request for counsel is now moot.

Even were the request not moot, however, it would be denied. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court "may request

an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*.

This case does not present exceptional circumstances. As set forth above, the Court has determined that the claims are wholly without merit. Thus, the request fails at the evaluation of the likelihood of the Plaintiff's success on the merits. Accordingly, the request for appointment of counsel is denied.

**CONCLUSION**

For the reasons set forth above, the Court dismisses this case with prejudice. Plaintiff's request for appointment of counsel is denied.

**IT IS SO ORDERED.**

Dated: October 15, 2026

JON S. TIGAR
United States District Judge